**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR 03-30060 |
| | ) | |
| Adam C. Bordeaux, | ) | **ORDER ON MOTIONS IN LIMINE** |
| | ) | |
| Defendant. | ) | |

Before the Court are two motions in limine, one filed by the government and the other by the defendant. The general policy of this Court is to thank counsel for the filing of motions in limine as a fair warning of possible evidentiary problems and then deny the motions without prejudice and subject to being renewed at trial as the evidence presents itself.

**I.    BACKGROUND**

The defendant is charged with five counts of assault with a dangerous weapon and one count of discharging a firearm during and in relation to a crime of violence. It is alleged that on July 5, 2007, the defendant fired ten rounds from a Hi-Point rifle at a car in which five individuals were riding. One count of assault with a dangerous weapon is charged as to each of the individuals in the car. The defendant claims self defense. He alleges the driver of the vehicle at which he shot drove his vehicle at the defendant and the defendant's vehicle which contained his girlfriend and child.

1

## II.     ANALYSIS

### A.     **GOVERNMENT'S MOTION**

#### 1.     **Specific Acts Evidence**

The Government argues the Defendant should not be allowed to call any witnesses or elicit any testimony regarding any prior specific instances of alleged violent behavior, drug use, or drug trafficking by any of the alleged victims. The Defendant argues such evidence is admissible. He proffers numerous witnesses he intends to call who will testify as to the reputation for violence and specific instances of violence by the primary alleged victim.

Character evidence is generally not admissible but there are exceptions See Fed. R. Evid. 404. One of the exceptions is "[w]hen a defendant raises a self-defense claim, reputation evidence of the victim's violent character is relevant to show the victim as the proposed aggressor." United States v. Taken Alive, 262 F.3d 711,714 (8th Cir. 2001); Fed. R. Evid. 404(a)(2). Since a victim's violent nature is not an essential element of a claim of self-defense it may be proved only by reputation and opinion and not by specific acts evidence. United States v. Gregg, 451 F.3d 930, 934 (8th Cir. 2006); Fed. R. Evid. 405. "Specific acts evidence is not admissible to prove a victim acted in conformity with his character under Rule 405(b)." Id. at 935. However, evidence of specific bad acts known to the defendant may be admissible under Rule 404(b) to prove a defendant's state of mind. Id. at 935; United States v. Saenz, 179 F.3d 686, 688-89 (9th Cir. 1999)(reversible error to bar defendant's evidence that he knew of victim's prior acts of violence, since exclusion of this evidence of defendant's state of mind prevented him from proving self defense). All character evidence, whether it be as to reputation or specific acts, may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice. Taken Alive, 262 F.3d at 714; Fed. R. Evid. 403.  The best evidence is always prejudicial.  Evidence only becomes unduly prejudicial when it would suggest to a jury that it decide a case on an emotional or other improper basis. Id.  The application of Rule 403 requires a balancing analysis which is best determined at trial as the evidence presents itself.

Accordingly, defense witnesses may testify only as to the alleged victim's reputation in the community for violence but not as to any specific acts of violence.  On cross-examination inquiry may be made into specific instances of conduct.

The Defendant himself may testify as to specific instances of violent conduct on the part of the alleged victim known to him prior to the shooting.  This testimony will assist the jury in deciding whether he had a subjective fear of imminent grave injury and whether that fear was reasonable.

Questions of undue prejudice will be decided at trial

### 2. Reference to Witnesses who did not Testify

The Government moves the Court for an order in limine precluding the Defense from making any comment, argument, or reference, whether direct or indirect, to potential witnesses who did not testify in this case.  The Defendant agrees that it is impermissible to ask the jury to draw any inference from a party's failure to call a witness equally available to both sides, but asserts that the Government is wrong in claiming that it would be improper for the defense to comment on the Government's failure to call a witness which results in the Government failing to meet its burden of proof or prove all the essential elements.  The distinction is razor thin and

would only apply in a most unusual case.[1]  "The well-settled rule is that drawing any inference from a party's failure to call a witness equally available to both sides is impermissible. United States v. Iredia, 866 F.2d 114, 118 (8th Cir. 1989).  Should a party violate the "well-settled rule" a responsive reference to the other party's subpoena power is invited. United States v. Ziesman, 409 F.3d 941, 953 (8th Cir. 2005).  The Court expects both parties to follow the "well-settled rule."

### 3. Criminal History of Alleged Victim

The government moves in limine to prohibit the Defendant from making any reference to the alleged victim's criminal history.  The alleged victim's criminal history is subject to the same analysis as was discussed above with regard to specific acts evidence.  At this time the Court is unaware of exact nature of the alleged victim's criminal history and whether the Defendant was aware of it at the time of the shooting.  The issue will be addressed at trial as the evidence presents itself.

## B. DEFENDANT'S MOTION

### 1. Defendant's Marijuana Use

The Defendant seeks to prohibit the introduction of evidence relating to urinalysis (UA) testing which was conducted later in the day on July 5, 2007.  The shooting occurred in the early

---

[1] "The long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible. McClanahan v. United States, 5 Cir. 1956, 230 F.2d 919, 925, cert. denied, 1956, 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47.  However, mere physical presence at the trial or accessibility for service of a subpoena does not determine a potential witness's availability.  Rather, his availability may well depend, among other things, upon his relationship to one or the other of the parties, and the nature of the testimony that he might be expected to give. Id. at 926.  When a witness is controlled by one party, failure to call the witness, if his testimony would elucidate facts in issue, creates an inference which the jury is permitted to draw against that party. See Williams v. United States, 5 Cir. 1968, 394 F.2d 821, 822, cert. denied, 1968, 393 U.S. 890, 89 S.Ct. 211, 21 L.Ed.2d 169; Gass v. United States, 1969, 135 U.S.App.D.C. 11, 416 F.2d 767, 775 and n. 43." United States v. Chapman, 435 F.2d 1245, 1247 (5th Cir. 1970).

morning hours of July 5, 2007. The UA showed the presence of marijuana in the Defendant's system. The Defendant apparently explained to law enforcement that he had smoked marijuana after the shooting in order to calm himself down. The Defendant argues the evidence is irrelevant as the testing does not prove he was under the influence of marijuana at the time of the shooting. See Fed. R. Evid. 402. He also argues this evidence would be unduly prejudicial and would also constitute inadmissible bad character evidence. See Fed. R. Evid. 403 & 404. In addition, the Defendant seeks to prohibit the introduction of any evidence regarding the Defendant being a regular user of marijuana.

As the Court is not aware that the Government even intends to offer this evidence the issue will be resolved at trial as the evidence presents itself.

### 2.     Bond Violations and Statements to Counselor

The Defendant moves to prohibit any evidence or testimony that he violated his federal pre-trial bond conditions by going to Taco Bell without signing out of the Stepping Stones Rehabilitation Center. The Defendant also moves to prohibit an alleged statement he made to a Stepping Stones counselor to the effect that if he gets a life sentence he might as well kill someone in prison.

The Court assumes the Government will not attempt to introduce such evidence but will address the issue when and if it presents itself at trial.

### 3.     Threats Toward Alleged Victim

The Defendant moves in limine for this Court to prohibit any evidence or testimony of a reported assault or threats of assault by Mike Bordeaux, Albert Bordeaux, and Marcus Luxxon to alleged victim Tristan Saupitty. The incidents occurred in July and August 2007, some months

after the shooting.

Such evidence would appear to have little relevance to the charged offenses but the Court will adhere to its preferred policy of addressing the issue as it arises at trial.

### 4. Drug Dealing

The Defendant moves in limine to prohibit the introduction any evidence that he is a drug dealer and/or that he and alleged victim Tristan Saupitty had a dispute over a sale of marijuana.

The exact nature of the relationship between the Defendant and one of the alleged victim's may or may not be relevant to the charges. A ruling at this stage without knowing more about the facts of the case and how the evidence will present itself at trial would be premature. Again, the Court will address the matter at trial.

### 5. Defendant's Advice to Girlfriend

Apparently the Government is in possession of some letters the Defendant wrote to his girlfriend while in tribal custody in which he advised her not to talk to law enforcement about the shooting. The Defendant seeks an order prohibiting their introduction at trial.

Without actually reading the letters the Court cannot possibly rule on their admissibility prior to trial. The request is denied without prejudice and subject to being renewed at trial as the evidence presents itself.

### 6. Photographs, Videos, Bullet Evidence and Shooting Reconstruction

The Defendant argues the photographs, video, and shooting reconstruction evidence lack proper foundation and should not be admitted. Not having seen any of the aforementioned or having heard what foundation the Government might be able to provide the Court must defer its ruling until trial. The Court will state that commentary on video evidence is rarely admissible.

As for the FBI Laboratory report on the bullet evidence, which the Court has not seen, the Defendant's argument that the evidence is not relevant is premature and will be denied without prejudice and subject to being renewed at trial as the evidence presents itself.

### 7. Baggy

The Defendant seeks to prohibit introduction of a baggy found at or near the scene of the shooting. At the scene of the shooting, law enforcement found "a sandwich baggy with green leafy residence (sic) and also a Zig Zag Rolling Paper packet near the driver on the other side of the driveway." Apparently the items were found off the road and in the bushes. Who the items belonged to is only a matter for speculation at this point. The relevance is also unknown. In any case, the Court will adhere to its preferred ruling by denying the motion without prejudice and subject to being renewed at trial as the evidence presents itself.

### III. CONCLUSION

The Court appreciates being forewarned of these potential evidentiary issues. The motions in limine are granted and/or denied without prejudice as stated above. Counsel are reminded to conform their opening statements to that evidence which they can be reasonably certain will be admissible during the trial. It should also be remembered that a failure to deliver on evidence promised during opening statements can diminish one's cause in the eyes of the jury.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court