**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR 07-30060 |
| | ) | |
| Adam C. Bordeaux, | ) | **ORDER ON MOTION FOR JUDGMENT OF** |
| | ) | **ACQUITTAL OR NEW TRIAL** |
| Defendant. | ) | |

_____

Adam Bordeaux and Tristan Saupitty, both young Native American males living on the reservation in South Dakota, had a history of conflict and enmity toward one another.

Bordeaux purchased a rifle and ammunition.  On the evening involved he was on the main street of a community on the reservation with his girlfriend and their baby.  As Saupitty drove towards him and his car containing the girl friend and baby, Bordeaux took the rifle from the car and began shooting at the oncoming car.  He fired from the hip and admitted knowledge that there were five persons in the car.  Later investigation showed 3 shots into the front of the car, 3 shots into the side of the car as it passed by him, and 4 shots into the rear of the car as it proceeded up the street.

Tristan Saupitty was the driver, with a juvenile male sitting in front and three girls in the rear seat, two of which were minors.  The rifle was loaded with hollow point bullets which dissipated a great deal of their energy passing through the metal of the car, but the interior was sprayed with glass and lead particles from the bullets.  No one was injured.

Trial was held in a six count indictment.  Two counts of assault with a dangerous weapon on the two adults in the vehicle, three counts of assault with a dangerous weapon on a minor on

the juveniles in the vehicle, and one court of discharging a firearm during the commission of a crime of violence.

Only some of the details involving distance estimates, vehicle speed, etc. were in dispute. The defendant acknowledged shooting at the car full of people but indicated he was acting in self defense and in defense of his girl friend and baby.  Defense testimony characterized Saupitty as a "wanna be" hoodlum and a trouble maker.

The jury found the defendant not guilty as to the driver, Saupitty, apparently giving credence to the self-defense theory, but convicted the defendant on the other five counts.

The defendant faces two minimum mandatory ten year terms, with the second required to be consecutive and has moved for a judgment of acquittal on all counts, arguing that the proof has failed on the assault counts and with that failure, no conviction exists for the crime of violence on count six.

The assault counts require that the defendant have a specific intent to harm the "victim." The defense urges that the facts do not show an intent to harm any of the passengers in the car, and therefore the proof has failed.  A number of cases do exist involving "collateral damage" or wounding or death of innocent bystanders, but the facts of this case are unique. See Commonwealth v. Fowlin, 710 A.2d 1130, 1131-32 (Pa. 1998)(defendant cannot be held criminally liable for injury to innocent bystander where defendant was acting in self-defense); People v. Morris, 109 A.2d 413, 415-17 (N.Y. App. Div. 1985)(same); State v. Green, 206 S.E.2d 923, 926 (W. Va. 1974)(unintentional killing of a bystander is excused if the defendant would have been justified in using deadly force against her assailant); People v. Adams, 291 N.E.2d 54, 55-56 (Ill. App. Ct. 1972)(same).  Our standard instruction on intent advises a jury

2

that they can infer intent from the probable consequences of acts knowingly done or knowingly omitted.  The very fact of putting ten unaimed slugs into a crowded vehicle permits the inference of intent.

One is tempted to draw an analogy to the use of a hand grenade in a crowd to defend yourself against one individual, but I resist.

The mandatory sentences do not fit the actual damage caused, but I have no power to change the result.

The motion for acquittal on all remaining counts is denied.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

3